**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARINE HOVSEPYAN, | No. 16-72496 |
| Petitioner, | Agency No. A098-129-565 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Karine Hovsepyan, a native of the Soviet Union and a citizen of Armenia,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her second motion to reopen removal proceedings. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2). Accordingly, Hovsepyan's
request for oral argument is denied.

reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hovsepyan's second motion to reopen as untimely and number-barred, where she filed the motion more than ten years after the filing deadline, and did not present sufficient evidence of due diligence for equitable tolling of the deadline. *See* 8 C.F.R. § 1003.2(c)(2); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances). We reject Hovsepyan's contention that the BIA ignored relevant evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

Absent a claim of legal or constitutional error, we lack jurisdiction to review the agency's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction to review BIA decisions denying sua sponte reopening is limited to reviewing the reasoning behind the decisions for legal or constitutional error). Hovsepyan has identified no basis for

revisiting this precedent at this time. *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (holding that a three judge panel "may reexamine normally controlling circuit precedent" only "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

We deny Hovsepyan's request for attorney's fees under the Equal Access to Justice Act.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**